## Richmond.

WARREN v. WARREN.

APRIL 16, 1896.

1. APPELLATE PRACTICE—*Objections to evidence in trial court.—Waiver*—A party will not be allowed to specify one or more grounds of objection to evidence offered in the trial court, and rely upon other grounds in the appellate court. He is regarded as having waived all other objections to the evidence except those which he pointed out specifically.

Error to a judgment of the Circuit Court of the city of Williamsburg and county of James City, rendered November 17, 1893, in an action of ejectment, wherein the defendant in error, Henry B. Warren, was the plaintiff, and the plaintiff in error, Mary E. Warren, was the defendant.

*Affirmed.*

The opinion states the case.

*L. T. W. Marye,* for the plaintiff in error.

*J. T. Hubbard, R. L. Henley,* and *H. R. Pollard,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The only assignment of error relied on in this case is to the action of the court below in allowing certain evidence to go to the jury, to which the defendant (the plaintiff in error here) objected. His bill of exceptions shows that he pointed out to the court the ground upon which he objected to the ad-

mission of the evidence. In this court he bases his objection to the evidence upon another and altogether different ground. His right to do this is denied.

A party will not be allowed to specify one or more grounds of objection to evidence offered in the trial court and rely upon other grounds in the appellate court. He is regarded as having waived all other objections to the evidence except those which he pointed out specifically.

It is the duty of a party, as a rule, when he objects to evidence, to state the grounds of his objection, so that the trial judge may understand the precise question or questions he is called upon to decide. The judge is not required to search for objections which counsel have not discovered, or which they are not willing to disclose. It is also due to the party whose evidence is objected to, that the grounds of objection should be specified, so that he may have an opportunity to remedy the defect pointed out, if possible, and have the case tried upon its merits.

If a party is not satisfied with the rulings of the court in admitting evidence, and wishes to have them reviewed by an appellate court, the bills of exceptions ought to show the specific grounds of objection pointed out and relied on so that the appellate court will have the same questions presented to it for its determination as were presented to and passed upon by the trial court.

The parties must stand or fall upon the case as made in that court. An appellate court is not a forum in which to make a new case. It is merely a court of review to determine whether or not the rulings and judgment of the court below upon the case as made there were correct. Any other rule, it has been well said, would overturn all just conceptions of appellate procedure in cases at law, and would result in making an appeal in such action a trial *de novo*, without the presence of witnesses, or the means of correcting errors and omissions.

In the case of *Wynn* v. *Harman*, 5 Gratt. 157, 167, this court refused to consider an objection to evidence based upon a different ground from that specfically pointed out in the court below. The court said: "This objection was not taken in the court below, and cannot avail the demandant here. Specific objections were taken to the testimony before the judge of the Circuit Court, and his refusal to sustain them excepted to. Other objections, raised here for the first time, cannot properly be considered by this court. The tenants may have been ready to show that the decree of partition had been duly recorded, and may have failed to. furnish the proof, under the belief that the demandant had waived any objections founded upon the absence of such proof, by resting his objections to the competency of the evidence on other grounds."

In the opinion of the Supreme Court of the United States in the case of *Camden* v. *Doremus*, 3 How. 515, in discussing this question, it was said: "It would be more extraordinary still if, under the mask of such an objection or mere hint at an objection, a party should be permitted in the appellate court to spring upon his adversary defects which it did not appear he ever relied on, and which, if they existed, and had been openly and specifically alleged, might have been easily cured." 1 Thompson on Trials, section 693, &c.; *Burton* v. *Driggs*, 20 Wall. 125.

The case under consideration is an illustration of the wisdom and justice of the rule that a party ought not to be permitted to state one ground of objection to evidence when offered in the court below and when he comes here change his ground and rely upon another.

The ground of objection pointed out and relied on in the court below to the introduction of the copy of the will of Michael S. Warren and the decree of the court, setting it up as stated in the bill of exceptions, was, "that while the will set up by the said decree might be proper evidence, the de-

cree itself was not, as it was a statement of what had taken place in another suit, with the judge's opinion in regard to the same, and, therefore, under the circumstances disclosed, was improper evidence to go to the jury, and it could but have the effect of prejudicing the defendant's case." The objection, by implication at least, concedes that the copy of the will offered was proper evidence, but points out specifi- cally why the decree accompanying it, and by which it was set up, was not.

The ground of objection assigned and relied on here is, that the decree setting up the will was rendered by a court of equity, and that such a court has no jurisdiction to set up the lost or destroyed records of another court. If this ob- jection had been made in the court below, even if it be true that a court of equity can under no circumstances set up the record of a will which had been probated and recorded in another court and the record destroyed (as to which we ex- press no opinion), the party offering the evidence might have been able to show that the proceedings in which the decree was rendered were had under sections 3339 to 3341 of the Code, by which the Circuit Courts are, under certain circumstances, authorized to set up lost or illegible records. But if he were unable to do this, and the trial court had held that the court which rendered the decree setting up the will was without jurisdiction and the whole proceeding void, he would have had the right to resort to parol evidence to prove the contents of the destroyed record, and might thus have made out his case.

But if this ground of objection now made in this court for the first time could be considered and should be sustained, the result would be to decide a question not made in the lower court and reverse that court for an error which, in fact, it never committed, and the plaintiff would be compelled to pay the costs and expenses of this writ of error, when, if the ob- jection had been made in the lower court, he might have

been able to obviate the objection, if well taken, by other evidence, and had the case tried upon the merits without delay.

We are of opinion that the defendant must be held to have waived all objections to the admissibility of the evidence in question except upon the specific ground set out in his bill of exceptions, and as that ground is without merit the judgment of the Circuit Court must be affirmed.

*Affirmed.*