# Wytheville.

## VEITCH v. JENKINS.

### June 13, 1907.

1. TRIAL—*Construction of Written Contract for the Court.*—Where the relation of the parties to a contract depends upon a written contract, unambiguous in its terms, and this fact is to be determined in an action at law, brought by one of said parties against a third person, it is the province of the court to construe the contract, and, as a matter of law, to determine the relation between the parties.

2. MASTER AND SERVANT—*Independent Contractor—Privity—Case at Bar.*— Where a contractor enters into an agreement with the owner of a lot, whereby he engages to purchase the material, employ the labor, and superintend and erect a building for the owner, in accordance with plans in hand, and at an agreed price, and to render a true account of purchases and pay-rolls; to use his best efforts to secure material and labor at the lowest cost; and guarantees that the workmanship shall be first-class in every respect; and in consideration thereof, the owner agrées to pay the net cost of the material and labor, and to pay the contractor a stated sum, which is designated a commission, these facts constitute the contractor an independent contractor, and he alone can sue a third person for the damages resulting from the negligent construction of a portion of the building under a contract made with him.

Error to a judgment of the Circuit Court of the city of Richmond in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The contract referred to in the opinion of the court is in the following words and figures, to wit:

"This agreement entered into this 16th day of February, 1903, between Geo. W. Lambert, the party of the first part, and L. H. Jenkins, the party of the second part, witnesseth:

"First: The party of the first part hereby agrees to purchase all material, employ all labor, superintend, and erect, for the party of the second part, a two (2) story building, 100 x 125, at the S. W. corner of Allison and Broad Streets, in the City of Richmond, County of Henrico, State of Virginia, in keeping with certain plans in hand.

"Second: The party of the first part further agrees to purchase all material, and employ all labor, and render the said party of the second part a true and accurate account of such purchases, and pay-roll, without any profit or commission whatsoever thereon.

"Third: The said party of the first part agrees to use his best efforts to secure the material and labor at the lowest cost of production; and guarantees that the workmanship shall be first class in every respect, and satisfactory to the party of the second part; and to complete the building inside of five (5) months from this date.

"Fourth: The party of the first part estimates that the *net cost* of all material and labor necessary for the completion of the building—which includes power elevator; furnace of sufficient size to heat the building, with all necessary pipes for same; granolithic floor or its substitute—will cost the party of the second part the sum of twelve thousand, one hundred and ten dollars ($12,110). The above amount does not include the amount to be paid the said party of the first part for his services as hereinafter set forth.

"Fifth: Should the amount be expended on the building exceed the amount here set forth, the consent of the party of the second part must be obtained.

"*Second*:

"First: The party of the second part agrees to pay the net

cost of material, and labor as above, and pay·on same from time to time as necessary.

"Third: The party of the second part agrees to pay the party of the first part, as the work progresses, such a portion of his commission, viz: $1,300.00, as may be mutually agreed upon.

"Second: The party of the second part further agrees, that in addition to the net cost of material, fixtures and labor, as herein set forth, that he will pay the said party of the first part the sum of one thousand three hundred dollars ($1,300). And should the amount (with the consent of the party of the second part) exceed the amount herein stated, the party of the second part is to pay no more to the party of the first part than the said amount, $1,300.00.

"Witness our hands the day and year first written above.

G. W. LAMBERT.
L. H. JENKINS."

*Edwin M. Pilcher* and *L. O. Wendenburg,* for the plaintiff in error.

*Jno. G. Pollard* and *Christopher B. Garnett,* for the defendant in error.

Whittle, J., delivered the opinion of the Court.

The defendant in error, L. H. Jenkins, entered into a written agreement with a contractor, George W. Lambert, by which the latter engaged to purchase material, employ labor and superintend and erect for the former a building in the city of Richmond for a book factory, in accordance with certain plans in hand; to use his best efforts to secure material and

labor at the lowest cost; and to render his employer a true account thereof. The estimated cost of the building was $12,110, which amount was not to be exceeded without the consent of the owner, and Lambert guaranteed that the workmanship should be first class and satisfactory in every respect; while Jenkins agreed to pay the net cost of material and labor together with a commission of $1,300 to Lambert.

The plans called for a granolithic floor in one of the rooms of the building, and the contractor employed Veitch to supply the material and lay the floor. The work was alleged to have been negligently done; and in an action of trespass on the case against Veitch, Jenkins recovered a verdict and judgment for $1,500, which judgment is the subject of review.

We are of opinion that the case turns upon the character of the contractual relation between Lambert and Jenkins. If Lambert was an independent contractor, it follows that there was no such privity between his employee, Veitch, and Jenkins as would render the former answerable to the latter in damages for defective work.

In its essential facts, the case is not distinguishable from that of *Emmerson* v. *Fay,* 94 Va. 60 26 S. E. 386. In that case it was held that, "A person who is skilled in the performance of a particular kind of work, and who, on account of his skill is employed to do a piece of work, without restriction upon the means to be employed in doing the work, and who employs his own labor which is subject alone to his control and direction, and undertakes to do the work either according to his own ideas, or in accordance with plans furnished by the person for whom the work is done, is an independent contractor. Nor is his character as independent contractor affected by the fact that his compensation is measured by a *per diem* to himself and those employed by him, nor that the owner furnishes material for the work."

The existence and character of the relation between Jenkins

and Lambert depending on a written contract unambiguous in its terms, it was the province of the court to construe the instrument and as a matter of law to determine the relation between the parties. *Pioneer Fireproof Con. Co.* v. *Hansen,* 176 Ill. 100, 52 N. E. 17; *Linnehan* v. *Rollins,* 137 Mass. 123, 50 Am. Rep. 287; *Rogers* v. *Florence R. Co.,* 31 S. C. 378, 9 S. E. 1059.

It is clear, we think, under the authorities, that Lambert was an independent contractor; and this view is conclusive of the case and renders a consideration of subordinate assignments of error unnecessary.

The verdict of the jury must be set aside, the judgment reversed, and the case remanded for a new trial to be had in accordance with this opinion.

*Reversed.*