# Wytheville.

## AMERICAN LOCOMOTIVE COMPANY AND OTHERS V. HOFFMAN.

### June 11, 1908.

### Absent, Keith, P.

1. NUISANCES—*Entire Damages—Successive Actions.*—Where an act complained of as a nuisance is unlawful in itself, a right of action accrues immediately and includes all subsequent damage flowing from it. In such case there can be but one recovery between the parties, as the injury is not the cause of action. Where, however, the act is lawful in itself, but negligently or improperly performed, the gist of the action is the damage, without which there can be no recovery, and until such damage does occur there is no cause of action, and for repeated injuries resulting from the same cause repeated actions may be brought.

2. WATERS AND WATER COURSES—*Obstructions—Successive Actions—Measure of Damages—Diminution of Market Value.*—An action to recover damages for several overflows caused by the negligent construction of culverts and other structures by a lower riparian proprietor is not an action to recover entire damages, and the diminution in the fee-simple or market value of the plaintiff's land is not a proper subject to be considered by the jury in ascertaining the damages.

3. APPEAL AND ERROR—*Objections to Evidence—Changing Objection.*—A party will not be allowed to specify one or more grounds of objection to evidence in the trial court, and rely upon other grounds in the appellate court. He is deemed to have waived all other objections to the evidence except those which he pointed out specifically.

4. WATERS AND WATER COURSES—*Obstruction by Plaintiff—Further Obstructions by Defendant—Damages.*—One who has himself partially obstructed a stream, may, nevertheless, recover from a lower proprietor damages for injuries resulting from, or caused by, further obstructions on his part.

5. WATERS AND WATER COURSES—*Culverts—Care in Construction.*—The degree of care required of a lower riparian proprietor in constructing culverts, building water-gates and the like in order not to injure an upper proprietor is that which a man of ordinary prudence would exercise under all the circumstances of the case.

Error to a judgment of the Circuit Court of Henrico county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The following instructions given at the instance of the plaintiff, are referred to in the opinion of the court:

"No. 2. The court instructs the jury, that the degree of care and foresight which the defendants should have used in building their fence and water-gate and constructing their culverts was in proportion to the nature and magnitude of the injury which would likely have resulted from the water being backed upon the plaintiff's property, and it should have been that care and prudence which a discreet and cautious individual would, or ought to have used for the purpose of protecting himself from injury.

"No. 3. The court instructs the jury, that if they believe from the evidence that the defendants failed to use such skill and engineering knowledge in the construction of the fence, water-gate and culverts in question, as is ordinarily practised in the construction of such work, and as a consequence, said fence and water-gate were improperly built, or said culverts improperly constructed, and would not carry off the flow of water which the defendants had reasonable cause to believe would occasionally flow down Cannon's branch, and as a consequence thereof, the plaintiff's property was damaged, then the defendants were guilty of negligence in so constructing said fence, water-gate or culverts. But the court instructs the jury, that the burden of proving that the defendant was so negligent in discharging this duty, and that such negligence caused the injury, is upon the plaintiff.

"No. 4. The court instructs the jury, that although they may believe from the evidence that the lot owned by Hoffman was subject to overflows during high waters, yet this would not prevent Hoffman from building on said lot, provided said lot was raised to a sufficient height, or a wall high and strong enough was placed around or on said property to prevent the water which might be reasonably expected to flow down Cannon's branch at periodically recurring freshets from flowing on said property, and said wall did not directly interfere with the flow of such high water in said creek."

*McGuire, Reily & Bryan* and *Wyndham R. Meredith,* for the plaintiff in error.

*John A. Lamb* and *Conway R. Sands,* for the defendant in error.

Buchanan, J., delivered the opinion of the court.

This is the second time this case has been in this court. The case upon the former writ of error is reported under the same style in 105 Va. 343-354, 54 S. E. 25, 6 L. R. A. (N. S.) 252. No further statement of the case is necessary beyond what is there found, except as to the proceedings had since then.

After the cause was remanded for a new trial, the plaintiff amended his declaration by adding eight counts, and by striking out the second and sixth counts of the declaration as it was upon the former trial. The object of the new counts was to recover damages for injuries alleged to have been suffered by the plaintiff from flooding, arising from the same causes, between the time of bringing the action and the filing of the last amended declaration. Upon the trial on this amended declaration, there was a verdict and judgment for the plaintiff. To that judgment this writ of error was awarded.

The first error assigned is to the action of the court in admitting evidence as to the difference in the fee-simple or

market value of the plaintiff's premises immediately before it was first overflowed, in December, 1902, and after the last overflow in July, 1906. The same question is raised by instruction numbered five, given at the request of the plaintiff, which told the jury that if they found for the plaintiff, in assessing his damages they should take into consideration the actual loss sustained by him as shown by the evidence, and in arriving at such damages the jury might consider the market value of the property as shown by the evidence before it was first flooded and after it was last flooded, any incumbrance or annoyance to which the plaintiff was subjected, and any amount which the evidence showed had been expended by the plaintiff in cleaning and repairing the premises.

Whether or not that evidence was admissible, and the giving of that instruction proper, depends upon the character of the obstruction or nuisance complained of, and the object of the action. See *Southside R. Co.* v. *Daniel,* 20 Gratt. 344; 2 Farnham on Waters, secs. 589 and 589a.

In the case of the *Southside R. Co.* v. *Daniel, supra,* at page 367, it was said by Judge Staples, in delivering the opinion of the court, that where the act complained of "is unlawful in itself, a right of action accrues immediately, and is held to include all subsequent damage flowing from it. And in such cases there can be but one recovery between the parties, as the injury is not the cause of the action.

"Where, however, the act is lawful in itself, but negligently and improperly performed, the gist of the action is the damage, without which there can be no recovery," and until such damage does occur there is no cause of action; and for repeated injuries resulting from the same cause repeated actions may be brought."

The principles announced in that case are recognized and approved in the recent case of *Va. Hot Springs Co.* v. *McCray,* 106 Va. 461, 472-3, 56 S. E. 216, 10 L. R. A. (N. S.) 465.

The erection of the culverts and the fence and water-gate in

this case, being upon the defendant's own land, was not an unlawful act in itself, and no cause of action could arise until damage resulted to the plaintiff therefrom; and new actions could be brought for recurring injuries resulting from a continuance of the nuisance. *Southside R. Co.* v. *Daniel, supra.*

This action was not brought to recover entire damages, even if the facts of the case would have authorized it. This is clear from the declaration itself. It claims damages for overflows caused by seven different freshets. After the case was remanded for a new trial, the manifest object in amending the declaration by adding the eight new counts was to recover damages for overflows caused by freshets subsequent to the institution of the action, and to avoid the necessity of bringing another action therefor. This being an action to recover damages for injuries done to the plaintiff's premises by reason of the overflows which had occurred prior to the filing of the plaintiff's last amended declaration, and the defendant being liable to a succession of actions for subsequent injuries caused by a continuance of the nuisance, if it was one, the diminution in the fee-simple or market value of the premises was not a proper subject to be considered by the jury in ascertaining the damages; for it would be manifestly unjust to permit the plaintiff to recover as damages a sum equal to the dimunition of the market or fee-simple value of his premises, and still have the right to successive actions against the defendants for a continuance of the nuisance. See *Battishill* v. *Reed,* 18 C. B. 696; reported also in Sedgwick's Lead. Cases on the Measure of Damages.

We are of opinion that the court erred in admitting the evidence and in giving the instruction.

Evidence was admitted as to the unsanitary condition of the plaintiff's premises, alleged to have been caused by the overflows complained of. This action of the court was objected to, upon the ground that there was no claim for such damages alleged in the declaration.

In counts one and nine of the declaration, there were allegations as to the unhealthy condition of the property after the floods, respectively, of December, 1902, and of June, 1905. Under these counts, evidence of the facts alleged was admissible; and if it be true, as stated, that the witnesses who testified as to the unsanitary condition of the premises knew nothing of their condition after those floods, then the defendants should have asked the court not to admit any evidence on that subject, except as to those floods, instead of objecting on the ground they did; for a party will not be allowed to specify one or more grounds of objection to evidence offered in the trial court, and rely upon other grounds in the appellate court. He is regarded as having waived all other objections to the evidence except those which he pointed out specifically. *Warren* v. *Warren,* 93 Va. 73, 24 S. E. 913.

The action of the court in giving the other four instructions asked for by the plaintiff is assigned as error.

Instruction No. 1 as is follows: "The court instructs the jury, that it was the duty of the defendants in building their fence and water-gate across, and constructing their culverts in, Cannon's branch, to so build said fence and water-gate and construct said culverts as not to obstruct such flow of water as the defendants might reasonably have expected would occasionally flow down Cannon's branch, including the ordinary rise of said branch at periodically recurring freshets. And if the jury believe from the evidence that the flows of water in Cannon's branch, upon the occasions complained of in the declaration, were not greater than that which the defendants might reasonably have expected would flow down said Cannon's branch on such occasions, then it was the duty of the defendants to have anticipated such flows of water, and to have so built said fence and water-gate and constructed said culverts that neither said fence and water-gate nor said culverts would, under such circumstances, have caused the water to back upon the plaintiff's property. And if the jury believe from the evidence, that

the defendants failed to so build said fence and water-gate or construct said culverts, and failed to provide other ways sufficient for the passage of the water down Cannon's branch on such occasions, and as a consequence thereof the plaintiff was injured, then the defendants are liable to the plaintiff."

The objection is made to this instruction, that "it violates the settled rule of this court, that where an instruction concludes with a direction that the jury shall find for the plaintiff, such direction can only be based upon the absence of negligence on the part of the plaintiff contributing to the injury where there is any proof in the record of such contributory negligence and the instruction should so state." The contention of the defendants is that as there was evidence tending to show that the damages done to the plaintiff's property were due, in part at least, to his having erected his house on a part of the lot which at high water was covered wholly or partly by the waters of Cannon's branch, and that the erection of the wall around the house to keep the water off the lot narrowed the channel in places, filled it in, deflected the stream, and caused it to flow into the rear gate-way or entrance to his lot, the plaintiff was guilty of contributory negligence, and if so he could not recover.

The fact, if it was a fact, that the plaintiff had, prior to the time the defendants built the fence, water-gate and culverts, partially obstructed the stream by the house and wall which he had placed upon his lot did not, as the defendants insist, prevent him from maintaining an action against them to recover damages for injuries resulting from, or caused by, further obstructions on their part. They would not, of course, be liable for the damages caused by the plaintiff's obstructions, but they would be for damages caused by their own. Any other rule would work the greatest injustice. It would be a license to the lower riparian proprietor to obstruct the stream in any manner he saw proper, even to the destruction of the premises above him, where its owner had obstructed the stream in any

manner, however slight.   See *Brown* v. *Dean,* 123 Mass. 254; *Riddle's Ex'ors* v. *Delaware County,* 156 Pa. 643, 27 Atl. 569; 2 Farnham on Waters, sec. 595, and cases cited in notes to the section.

It is not altogether clear whether it was intended by the instruction in question to tell the jury, that if they found for the plaintiff, the defendants were liable for all the damages suffered by the plaintiff, or that they were liable for only such damages as resulted from or were caused by the obstructions which they had placed in the stream.   On the next trial, if a like instruction is asked for, it should be unambiguous on this point.

The objection made to instruction No. 2 is, that the court erred in defining the degree of care it was the duty of the defendants to exercise in building their fence and water-gate and in constructing their culverts, in this: That it told the jury that the care and prudence required was that which a discreet and cautious individual would or ought to have used for the purpose of protecting himself from injury, when it should have told them that the care required was that which an ordinarily prudent man would have exercised under all the circumstances of the case.

The degree of care required in such cases is that contended for by the defendants; but, as we construe the instruction, it does in effect what the defendants say it ought to have done. Upon the next trial, however, if an instruction on this point is asked for it can be made entirely plain.

The objections to instructions 3 and 4 are without merit. There was evidence in the case tending to prove the facts upon which they are based, and there was nothing in the form or language of No. 3 to mislead the jury.

For the errors pointed out, the judgment complained of must be reversed, the verdict set aside, and the cause remanded for a new trial, to be had not in conflict with the views expressed in this opinion.

*Reversed.*