## Wytheville.

## LAMBERT V. JENKINS.

### June 8, 1911.

1. CONTRACTS—*Construction—Evidence to Vary Terms.*—Where a contract is in writing and is unambiguous in its terms, it is the province of the court to construe the instrument, and, as matter of law, to determine the relation between the parties thereto, and parol evidence will not be received to vary the terms thereof.

2. BUILDING CONTRACTS—*Guaranty of Workmanship—Bad Materials.*—Where the owner of a lot agrees to pay a general contractor the net cost of the material and labor expended in the erection of a building and a given commission for his services, and the contractor engages to purchase the materials, employ the labor, and to superintend and direct the erection of the building, and guarantees that the workmanship shall be first class and satisfactory in every respect, such guaranty covers the materials used in construction, and obliges the contractor to protect the owner against the use of bad or unsuitable materials by himself, or subcontractors, in doing the work.

3. DAMAGES—*Breach of Contract.*—The measure of damages for the breach of a contract to construct a concrete floor of specified size and quality, is what it would cost to make the floor of the size and quality called for by the contract, that is, compensation.

4. APPEAL AND ERROR—*Objections for First Time—Offsets.*—An objection that the jury did not allow a defendant any credit for a set-off as to which he offered no evidence cannot be made in the appellate court for the first time.

5. EVIDENCE—*Complaints to Defendant's Agent.*—In an action against a contractor to recover damages for breach of contract to do work in a particular manner, the plaintiff may testify that, while the work was being done, he complained to the subcontractor, who as the agent of the defendant was doing the work, of the unsatisfactory character of the work.

6. EVIDENCE—*Photographs.*—It is not error to admit in evidence photographs of a floor for the defective construction of which the action was brought, especially in view of the fact that the jury viewed the premises.

Error to a judgment of the Law and Equity Court of the city of Richmond in an action of assumpsit. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Wm. L. Royall*, for the plaintiff in error.

*Garnett & Pollard*, for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

This case and that of *Veitch* v. *Jenkins*, 107 Va. 68, 57 S. E. 574, arose out of a contract entered into between plaintiff in error, G. W. Lambert, and defendant in error, L. H. Jenkins, which was construed in the first-named case.

The essential features of the contract are set out in *Veitch* v. *Jenkins, supra*, as follows: " . . . L. H. Jenkins entered into a written agreement with . . . George W. Lambert, by which the latter engaged to purchase material, employ labor and superintend and erect for the former a building in the city of Richmond for a book factory, in accordance with certain plans in hand, to use his best efforts to secure materials and labor at the lowest cost, and to render his employer a true account thereof. The estimated cost of the building was $12,110.00, which amount was not to be exceeded without the consent of the owner, and Lambert guaranteed that the workmanship should be first class, and satisfactory in every respect; while Jenkins agreed to pay the net cost of material and labor, together with a commission of $1,300 to Lambert.

48

"The plans called for a granolithic floor in one of the rooms of the building, and the contractor (Lambert) employed Veitch to supply the material and lay the floor."

The controlling question in *Veitch* v. *Jenkins, supra,* was whether or not Lambert was an independent contractor, or merely an agent of Jenkins; and it was held that he was an independent contractor, the result of the decision being that Jenkins could not recover of Veitch the cost and expense incurred by Jenkins in consequence of Veitch's failure to supply suitable material and lay the granolithic floor as called for in Lambert's contract with Jenkins; that Veitch was the employee of Lambert and not of Jenkins, and, therefore, was not answerable to the latter in damages for defective work. After that decision, Jenkins brought this suit against Lambert and recovered the judgment herein complained of, for $1,032.38, as the amount expended by Jenkins, made necessary by reason of the granolithic floor in question being so defective that it could not be used, and therefore did not conform to the requirements of the contract between the parties.

The giving of instructions Nos. 1 and 2, offered by defendant in error, plaintiff below, is assigned as error, and the only reasons given for objection thereto are, (1) "Telling the jury that Lambert was an independent contractor," and (2) "Telling the jury that Veitch was Lambert's agent."

It is very true that plaintiff in error was not a party to the record in *Veitch* v. *Jenkins, supra,* but the contract construed in that case is the same contract to be construed in this, and as the contract was in writing and unambiguous in its terms the opinion in the first case said that it was the province of the court to construe the instrument, and as a matter of law to determine the relation between the parties thereto; and then followed the language construing the contract quoted above. Not only was it there decided that plaintiff in error here stood in the relation to defendant

in error of an independent contractor, but that there was no privity between the latter and the former's "employee, Veitch," and therefore it was held that Veitch was plaintiff in error's agent in the matter of supplying the necessary material and putting down the granolithic floor called for in the contract. The contract being the same and the evidence in the two cases practically the same, the rule, that "where the contract is in writing and unambiguous in its terms, it is the province of the court to construe the instrument and as a matter of law to determine the relation between the parties," applies as well here, and parol evidence intended to alter or vary the terms of the contract cannot be considered.

The case of *Lambert* v. *Phillips*, 109 Va. 632, 64 S. E. 945, relied on for the plaintiff in error, has no controlling influence in this case, for the all-sufficient reason that in that case the contract was oral, not written, and the sole question involved was to whom credit was given, a question for determination by the jury under proper instructions from the court.

The assignments of error with respect to the giving of defendant in error's instructions Nos. 1 and 2 are without merit.

The refusal of the trial court to give an instruction (No. 3) asked by plaintiff in error is assigned as error.

It was sought by the instruction to have the jury told that plaintiff in error "was not a guarantor that the granolithic floor in the building he undertook to erect would be perfect, but only agreed that he would use his best knowledge, skill, judgment and energies to the business, and that if he did that and kept all the other parts of his contract (that as to workmanship being meant), the jury should find for him."

It is very clear that this instruction would have been contrary to the plain terms of the contract, which, so far

as is material, we have adverted to, and there was no error in refusing it.

The modification by the court of instruction No. 4, asked for by plaintiff in error, is assigned as error.

The instruction as asked is as follows: "The jury are instructed that the defendant, Lambert, agreed by his contract with the plaintiff that has been produced in the evidence, that the workmanship upon the granolithic floor to be laid should be first class in every respect and such as would be satisfactory to a reasonable man. But they are further instructed that the burden of proving that the workmanship upon said floor was not first-class in every respect and such as would be satisfactory to a reasonable man rests upon the plaintiff. If, therefore, the jury believes from the evidence that the plaintiff has failed to prove that the workmanship upon said floor was not first-class in every respect and such as would be satisfactory to a reasonable man, and if they believe further from the evidence that the defendant kept all of his other agreements with the plaintiff, then their verdict should be for the defendant."

The modification of the instruction complained of is in these words: "But the court instructs the jury that if they believe from the evidence the defendant or his agents, or any of them, was negligent in furnishing bad material for the construction of the granolithic floor, or negligent in mixing said material, or negligent in the construction of the said floor, then he violated the duty laid upon him by the contract that the workmanship should be first class."

The insistence of the learned counsel for plaintiff in error is, "that in guaranteeing that Veitch's workmanship would be first class he (Lambert) did not guarantee Veitch would use the best material, and if bad material crept in without his (Lambert's) knowledge, his guarantee that the workmanship would be first class should not make him responsible for that bad material."

It is difficult to perceive what plaintiff in error undertook to do pursuant to his guaranty that the "workmanship should be first class and satisfactory in all respects," if it was not to protect defendant in error against the use of bad or unsuitable material in doing the work undertaken. The modification of instruction No. 4, in effect, merely told the jury that if they believed that plaintiff in error or his agents were negligent in furnishing bad material, or negligent in the construction of the granolithic floor, then he violated the duty imposed upon him by the contract, that the workmanship should be first class. As the instruction was offered, it was calculated to mislead the jury, and the court's modification of it was necessary and proper.

As to the measure of damages, the jury were instructed as follows: "The court instructs the jury that if you find for the plaintiff, then, in assessing your damages you will find such as it would reasonably take to make the granolithic floor conform to the contract aforesaid."

The giving of this instruction is assigned as error, although plaintiff in error, as is to be inferred from the state of the record, did not ask for a counter-instruction, or a modification of the instruction complained of. It is perhaps well to note in this connection also that it is not denied that plaintiff in error had been paid in full, before the cause of action against him arose, for the work he had undertaken to do for defendant in error.

With respect to the instruction as to the measure of damages, we deem it only necessary to say that it conforms to the general rule stated in the case of *Burruss* v. *Hines,* 94 Va. 416, 26 S. E. 875, as follows: "The general rule in awarding damages is to give compensation for pecuniary loss; that is, to put the plaintiff in the same position, so far as money can do it, as he would have been if the contract had been properly performed."

"The object of the law," says the opinion by Judge Joynes

in *Peshine* v. *Shepperson,* 17 Gratt. 485, 94 Am. St. Rep. 468, "is to give amends or reparation."

This general rule, as stated, is fully sanctioned in *Stilwell &c. Co.* v. *Phelps,* 130 U. S. 520, 32 L. Ed. 1035, 9 Sup. Ct. 601; and in the case of *Wright* v. *Sanderson & Sims,* 20 Mo. App. 534, quite similar to the case at bar, the following instruction to the jury was approved: "If the jury find for the plaintiff, the measure of damages is the amount it would cost to make the foundation and cellar wall of the size and as good as the contract required."

The rule is also sanctioned in the case of *Leathers* v. *Sweeney,* 4 La. Ann. 287, 5 South. 662; *Plunkett* v. *Meredith,* 72 Ark. 3, 77 S. W. 600, and *Hebb* v. *Welch,* 185 Mass. 335, 70 N. E. 440. The action in *Leathers* v. *Sweeney, supra,* was to recover damages of a steamboat builder for defects of construction which occasioned loss to the owner, and it was held that the measure of damages was the amount of reasonable costs incurred and paid by the owner to remedy the defects and to place the boat in a proper condition, as contemplated by the contract.

It is claimed, however, for plaintiff in error here, that the instruction should have told the jury that he was entitled to set off the value of the office floor, porch and coping laid or constructed by Veitch; but a complete answer to this contention is that he did not at the trial offer any evidence as to the costs of the office floor, porch and coping. Under these circumstances, the contention, for the first time made in this court, that the jury "saw the office floor and by measuring and taking it from the dimension of the rest of the floor they could have put a valuation on it," cannot avail plaintiff in error; it comes too late. *Warren* v. *Warren,* 93 Va. 73, 24 S. E. 913, and note to the case at p. 195, 2 Va. Law Reg.; *Sul. Mines Co.* v. *Ins. Co.,* 94 Va. 355, 26 S. E. 856. Moreover, when the jury were sent to view the premises, it was not asked that they be told to take the

measurements which it is here contended they should have taken; and, besides, the jury did not assess damages to defendant in error to the full amount he had paid to Veitch for putting down the floor in question, to say nothing of what he had paid to plaintiff in error for seeing to it that the work was properly done and "satisfactory in all respects."

Since Veitch was the agent of plaintiff in error and not of defendant in error, the trial court did not err in permitting the former, when testifying in his own behalf, to testify: "I complained to Mr. Veitch and told him we could not work in that place, that the floor was soft or something didn't seem to be right."

Nor did the court err in permitting the introduction of photographs of the floor in question, especially in view of the fact that the jury viewed the premises, and, therefore, could not possibly have been influenced to the prejudice of plaintiff in error by the photographs.

We are now brought to the remaining assignment of error with respect to the refusal of the court to set aside the verdict of the jury and grant plaintiff in error a new trial, which assignment is not argued in the petition for this writ of error.

The case was fairly submitted to the jury by the instructions given them, and stands here as on a demurrer to evidence, and we can see no reason for our interference with the verdict of the jury, approved by the learned judge below; therefore, the judgment complained of must be affirmed.

*Affirmed.*