### 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

GENE ELGIN GUTHRIE v. COMMONWEALTH OF VIRGINIA.

January 17, 1972.

Record No. 7756.

Present, All the Justices.

*J. R. Canterbury*, for plaintiff in error.

*Robert E. Shepherd, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General*, on brief), for defendant in error.

HARRISON, J., delivered the opinion of the court.

This is a companion case to *Ronald Lee Smith* v. *Commonwealth of Virginia*[1] decided today by this court.

Gene Elgin Guthrie appeals his conviction of statutory burglary and the judgment of the lower court sentencing him to confinement in the state penitentiary for a period of three years. The issue involved here is identical with that in *Smith*. With certain exceptions, herein-

---

[1] *Ronald Lee Smith* v. *Commonwealth of Virginia*, 212 Va. 606, 186 S. E. 2d 65 (1972).

after pointed out, the evidence introduced in the two cases was substantially the same. It will not be repeated except when pertinent to this decision.

Guthrie, as did Smith, challenges the legality of his arrest in Montgomery County on March 4, 1970, and the legality of a search made at that time which disclosed a pistol and coinbook that were introduced in evidence in the court below.

The three men who were allegedly involved in the burglary of the Fred P. Williamson home in Botetourt County on March 4, 1970, and the larceny therefrom of the pistol and coinbook, were Gene Elgin Guthrie, Ronald Lee Smith and Tommy Franklin Early. They were allegedly the same individuals involved in the burglary of the Donald L. Robertson home in Montgomery County later during the day of March 4, 1970.

The case under review against Guthrie was tried by the lower court on the morning of September 23, 1970. The witnesses who testified were, with one exception, the same who testified in *Smith*. At the afternoon trial of Smith and Early the witnesses testified in greater detail, and with more particularity and specificity than they had at Guthrie's trial.

Guthrie contends that the evidence in his case varied from that given in the Smith case. He says it is apparent from the transcript that Deputy Sheriff Brown did not have probable cause to arrest him or to search his vehicle. In his testimony in *Smith*, Brown referred to a February 25, 1970 burglary in Roanoke County. He recited that an eyewitness had seen three men commit the offense. The witness reported the men were using a blue truck and that one of them was wearing a jacket with large squares. In the instant case this testimony was not elicited by the Commonwealth's Attorney.

In the Smith trial Brown testified that one of the occupants of the blue truck, which he saw near the Dixie Caverns on March 4, 1970, had on a coat with squares on it. The design of the coat worn by an occupant of the truck was not mentioned by Brown in the Guthrie trial.

We have this day concluded from the record in *Smith* that Brown had probable cause to arrest Smith and to search the truck. We held that the lower court did not err in admitting the pistol and coinbook as evidence.

We must now determine if the lower court erred in admitting the pistol and coinbook as evidence against Guthrie. In making this

determination we are mindful that whatever is essential to the conviction of a defendant must affirmatively appear from the record. We must take the record as it comes to us. The Commonwealth and the defendant must stand or fall upon the case that was made in the lower court and reflected by the record under review. We have often said that this court is not a forum in which to make a new case. It is merely "a court of review to determine whether or not the rulings and judgment of the court below upon the case as made there were correct". *Warren* v. *Warren*, 93 Va. 73, 74, 24 S. E. 913 (1896).

It was during the morning of March 4, 1970 that Deputy Sheriff Brown, while cruising on Highways 11-460, first observed a blue truck occupied by Guthrie and two other men. The truck would have gone unnoticed by Brown except for his knowledge of the Roanoke County burglary that occurred on February 25, 1970 and the information that he had obtained about the truck and men from an eyewitness to that crime. Brown's failure to testify here, as he did in *Smith*, as to why the blue truck with three occupants, one wearing a conspicuous coat, aroused his suspicions is fatal to the Commonwealth's case.

■ The presence of three men in a blue truck on a primary highway in the daytime would not normally arouse the suspicions of a reasonable man. The parking of this truck near a residence located in a grove of trees would ordinarily be of no moment. Neither would the loading of the truck by men, and their covering the load with a sheet, be considered as unusual occurrence. These normal occurrences are all Officer Brown had to justify the arrest of Guthrie. We must eliminate Brown's background knowledge of the Roanoke County burglary because it is not in evidence in this case.

The only evidence of that burglary is Brown's response to a question asked him on cross-examination by counsel for Guthrie: "You had no complaints of any occurrences in that vicinity at that time which would lead you to understand what was taking place?" The officer answered: "Not in that vicinity, but in our county I did."

The record in *Smith* discloses clearly why Brown suspected that the occupants of the blue truck were the persons involved in a burglary in his county; why he kept them under surveillance; and why their actions during the time he was observing them gave him probable cause to make the arrest. However, without any testimony of Brown's knowledge of the prior burglary, the individuals involved, how they were dressed, the vehicle used and the *modus operandi* of

the parties generally, the actions of Guthrie and his two companions observed by Brown on March 4, 1970 were not such as to establish probable cause for their arrest. In *Bryson* v. *Commonwealth*, 211 Va. 85, 86, 87, 175 S.E. 2d 248, 250 (1970), we held:

> "The test of constitutional validity is whether at the moment of arrest the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed. *Brinegar* v. *United States*, 338 U. S. 160, 69 S. Ct. 1302, 93 L. Ed. 1879 (1949); *Fierst* v. *Commonwealth*, 210 Va. 757, 173 S. E. 2d 807 (1970)."

The record here is insufficient to establish that at the time Deputy Sheriff Brown detained Guthrie, the officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that the burglary of the Robertson home had been committed by Guthrie.

Accordingly, the pistol and coinbook were unlawfully seized and improperly admitted in evidence. The judgment of the lower court is reversed, and this case is remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*