37 F.3d 1492
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 AVIS CONSTRUCTION COMPANY, INCORPORATED, Plaintiff-Appellee,
PALMA, INCORPORATED, Defendant-Appellant.
 No. 92-2174.
 United States Court of Appeals, Fourth Circuit.
 Argued July 26, 1993.
Decided Oct. 12, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, Magistrate Judge. (CA-89-204-R)
 ARGUED: Douglas Downes Wilson, Parvin, Wilson, Barnett & Guynn, P.C., Roanoke, VA, for appellant. D. Stan Barnhill, Woods, Rogers & Hazlegrove, Roanoke, VA, for appellee. ON BRIEF: Warren H. Britt, Parvin, Wilson, Barnett & Guynn, P.C., Roanoke, VA, for appellant.
 W.D.Va.
 AFFIRMED.
 Before RUSSELL, WIDENER, and HALL,
 OPINION
 PER CURIAM:
 
 
 1
 This case arises out of a construction contract for a new high school in Craig County, Virginia. Avis Construction Company was the general contractor and engaged Palma, Inc. as its subcontractor. Palma was to install a trowel-applied floor[1] for the new high school. The floor proved unsatisfactory, and after attempts to have Palma correct the problem, Avis hired another subcontractor to patch and recover the floor. Avis then filed suit against Palma in the Circuit Court of Craig County, seeking to recover the costs it incurred in hiring the second subcontractor. Palma removed this case to the United States District Court for the Western District of Virginia. By consent of the parties, the case was tried by a magistrate judge pursuant to 28 U.S.C. Sec. 636(c)(1), who entered judgment in favor of Avis. Palma appealed that decision to this court. 28 U.S.C.Sec. 636(c)(3). We affirm.
 
 
 2
 Palma raises three issues: (1) whether the court erred in concluding that Palma warranted or guaranteed to Avis satisfaction with the floor; (2) whether the court erred in concluding that the proper measure of damages was the cost associated with the second subcontractor's repair of the floor; and (3) whether Avis waived its claim by failing to demand that Palma certify that the floors were in proper condition to apply the epoxy finish as required by the contract.
 
 
 3
 * The magistrate judge found as a fact that Palma had guaranteed satisfaction, under normal conditions, with the floor when it applied for the subcontract. On appeal, Palma argues that the magistrate judge could have made this finding only if he relied on an October 10, 1986 letter from Palma to Avis which contained a three-year guarantee[2] and which predated the contract, which was signed on March 18, 1987. Palma asserts that it was error to consider this letter because it merely was evidence of negotiations leading up to the contract, and no guarantee is contained in the final contract.[3] Relying on Durham v. National Pool Equipment Co., 138 S.E.2d 55, 59 (Va.1964), Palma contends that under the parol evidence rule the magistrate judge should have considered only the final written contract and not the letters which predated it which had merged into the subcontract.
 
 
 4
 Avis correctly argues that Palma never raised this objection to the October 10, 1986 letter before the magistrate judge, even though there was ample opportunity to do so. A review of the record reveals that the letter was very much a part of the hearing. Counsel for Avis referred to it and relied on it in his opening statement. Counsel for Palma did not argue that Palma had not guaranteed the floor. Rather, he argued that the issue in the case was determining who or what was at fault for the failure of the floor. He proffered concrete slab movement and excess moisture as two reasons, each of which would have exonerated Palma.[4] The letter was contained in a notebook of exhibits to which the parties apparently had stipulated, and the notebook was received without objection. Indeed, the offending part of the letter was read into evidence without objection. Even if we assume that the letter resulted in the magistrate judge's factual finding that Palma guaranteed Avis's satisfaction with the floor, it is now too late for Palma to argue that the letter should not have been considered by the magistrate judge because of the parol evidence rule. This argument was not raised below, and we do not consider it. McGowan v. Gillenwater, 429 F.2d 586 (4th Cir.1970) (per curiam).
 
 II
 
 5
 Palma contends that too much of the epoxy floor was replaced and that it should not be required to pay for excess work.
 
 
 6
 The magistrate judge found no evidence of such economic waste and concluded that the proper measure of damages was the cost to Avis of repairing the floor. He also found that the amount submitted by Avis was uncontested and that the costs were reasonable under the circumstances. Palma argues that because the problems with the floor occurred on only a part of its surface area, the correct measure of damages was the difference in value between the floor for which Avis contracted and the one which it received.
 
 
 7
 There having been no excessive repairs, we believe the magistrate judge's selection of the cost to Avis of having the second subcontractor repair the floor as the appropriate measure of damages is in accord with Virginia law, and we affirm. Mann v. Clowser, 59 S.E.2d 78 (Va.1950); Lambert v. Jenkins, 71 S.E. 718, 720 (Va.1911).
 
 III
 
 8
 Palma also argues that to the extent Avis has proffered Palma's failure to adequately clean and prepare the floor for the application of the epoxy as the reason for the floor's failure, Avis has waived its right to assert this ground because it did not demand a certificate from Palma pursuant to Section 9700 of the architect's specifications, that the floors were in the proper condition for the application of Palma's product. We conclude that this argument is without merit. There is no duty to save one from himself.
 
 
 9
 Accordingly, the judgment of the district court is
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 Avis's Executive Vice President, Barry Wayne Baird, testified at trial that a trowel-applied floor is an epoxy floor put down over a poured concrete slab. The epoxy is poured over the concrete and then spread out with a trowel. If quartz or an aggregate is being used to give the floor color, the color is then broadcast out into the epoxy. The epoxy is allowed to dry. Next, the dried epoxy is leveled off and coats of clear epoxy are applied to seal the floor and to ensure that the floor has a smooth surface
 
 
 [2]
 The letter contains information about Palma's flooring product and the company and, in addition, states that "when installed by Palma, Inc. or a mutually approved installer, Palma [flooring] carries a minimum three year guarantee."
 
 
 [3]
 The contract consists of three pages, two of which are copies of the architect's specifications for trowel-applied flooring. The first page of the contract provides the terms of payment and the amount of consideration and also provides:
 The Subcontractor [Palma] contracts and agrees to furnish all labor, material, tools and equipment required for the performance of and shall perform therewith the following work and construction in a workmanlike manner and in conformity with the General Plans and Specification as prepared by[the architect] ... and made a part of this contract by reference and more particularly in conformity with:
 09700 Special Flooring
 
 
 [4]
 Palma also argues on appeal that the magistrate judge erred in rejecting its contentions when he determined that the concrete slab movement that occurred was a normal condition. Having determined that the slab movement was normal and that the Palma floor failed to accommodate this normal movement, the magistrate judge found that Palma had breached its contract and warranty. Palma argues that this finding of the district court is reversible error because it impermissibly shifted the burden of proof in the case from Avis to Palma. We reject this argument for two reasons. First, Palma chose to defend the case on the grounds of excess moisture and abnormal slab movement before the magistrate judge. It cannot now complain of its own framing of the issues. Second, after a review of the evidence in the record, we agree with the magistrate that Palma breached its warranty