Syllabus.

# Richmond.

## F. E. McGowan and F. C. McGowan v. Lloyd Tayman, by Ralph Tayman, his Father and Next Friend.

### March 18, 1926.

1. PHOTOGRAPHS—*Admissibility in Evidence—Action Arising Out of a Collision Between a Bicycle and an Automobile—Case at Bar.*—The instant case was an action by plaintiff against defendant for injuries arising from a collision between plaintiff's bicycle and defendant's automobile. The accident occurred at the intersection of two streets, and during the trial the plaintiff was allowed to put in evidence two photographs for the purpose of showing a bicycle in one of these streets above the place of the collision and introduced the photographer to explain that the photographs were taken from certain positions in the other street. The court directed the jury to disregard the bicycle shown in the photographs and to regard the photographs only as a view of the location of the accident. The jury were permitted to view the seene of the accident.

   *Held:* That, under these circumstances, the admission of the photographs in evidence was not reversible error.

2. AUTOMOBILE—*Collision with Bicycle—Bicycle Rider Coasting Down Hill—Last Clear Chance—Case at Bar.*—The instant case arose out of a collision between plaintiff riding a bicycle and defendant's automobile at the intersection of two streets. Plaintiff was coasting down grade at a high rate of speed without brakes, with another boy seated in front of him on the cross-bars of the bicycle, when the collision took place.

   *Held:* That plaintiff was guilty of negligence and could not recover except under the doctrine of last clear chance.

3. AUTOMOBILES—*Negligence—Presumption of Negligence—Burden of Proof on Plaintiff—Case at Bar.*—In an action by the rider of a bicycle against the driver of an automobile, for injuries incurred in a collision at the intersection of two streets, negligence on the part of the defendant cannot be assumed merely because in the collision with the defendant's automobile the plaintiff was injured; but the burden rests upon the plaintiff to establish negligence on the part of the defendant by a preponderance of evidence; and, if the plaintiff fails to do this, the jury must find for the defendant.

4. Automobiles—*Law of Road—Right of Driver Approaching from the Right.*—A right of way ordinance of a city that requires the driver of a vehicle to give the right of way to the driver of another vehicle approaching from the right at street intersections is designated to prevent the stoppage of traffic; otherwise the vehicles have equal rights in the use of the streets, and the right of the driver coming from the left only yields to the driver coming from the right when necessity arises.

5. Automobiles—*Collision Between Automobile and Bicycle at Street Intersection—Right of Way—Case at Bar.*—In an action for injuries sustained by plaintiff in a collision with defendant's automobile at the intersection of S. and H. streets of a city, it was not error to instruct the jury that if they believed that the plaintiff, under fourteen years of age, was coasting upon a bicycle down S. street grade, with intent to cross H. street, and run up the grade on the other side of H. street, and that his bicycle was traveling at such speed that the defendant could not in the exercise of reasonable care have stopped his car so as to prevent the coasting bicycle from running into his automobile, and thus injuring the plaintiff, then defendant was not guilty of negligence, notwithstanding that plaintiff was approaching from defendant's right.

6. Automobiles—*Collision Between Automobile and Bicycle—Sudden Emergency—Last Clear Chance.*—In the instant case, an action by plaintiff for injuries arising out of a collision with defendant's automobile, at a street intersection, although plaintiff's bicycle was coming down grade very rapidly and not under control, yet if defendant discovered plaintiff's peril in time, by the exercise of reasonable care, to have stopped his car and thus avoided the accident, and he failed to exercise such care, then he was guilty of negligence unless he acted in a sudden emergency as a person of ordinary prudence might have done in a like situation.

7. Automobiles—*Collision Between Automobile and Bicycle—Sudden Emergency—Case at Bar.*—Where there was a collision between plaintiff's bicycle and defendant's automobile at an intersection of streets, if defendant discovered the bicycle of plaintiff moving rapidly down to the street intersection not under control, a sudden emergency was presented to him of either going foward or stopping his car to avoid imminent collision; and, if defendant undertook to speed up his car and thus avoid the danger, and his action was such that a person of ordinary prudence might have taken under a like situation, but he failed to avoid collision, he would not be guilty of negligence because another course might have been more judicious.

8. Damages—*Personal Injury—Case at Bar.*—In an action by a bicycle rider for injury incurred in a collision with an automobile, the jury, in estimating the damages, may take into consideration the bodily

injury, disability and disfigurement sustained by the plaintiff, if any, and the permanent or temporary character thereof, and the pain and mental anguish caused by said injuries, if any, and fix the amount of damages at such sum as will be a just, reasonable, and proper compensation therefor, provided, however, such damages shall not exceed the amount sued for.

9. AUTOMOBILES—*Negligence—Last Clear Chance.*—In an action by a bicycle rider for injuries arising out of a collision with an automobile, where it appeared from the evidence that plaintiff was negligent, the jury could not find a verdict against defendant unless they believed him guilty of negligence after having discovered that plaintiff was in imminent peril.

10. INSTRUCTIONS—*Refusal of Instructions—Jury Sufficiently Instructed.*—It was not error to refuse instructions offered by the defendant where the instructions given by the court sufficiently instructed the jury as to the law applicable to the facts of the case.

11. NEGLIGENCE—*Sudden Emergency—Own "Best Judgment"—Care to be Exercised.*—Where a person without fault on his part is placed in sudden peril or sudden emergency, he is required to exercise such ordinary care as a person of ordinary care and prudence would be expected to exercise if confronted with the same sudden emergency or peril. His "own best judgment" is not the test.

12. NEGLIGENCE—*Sudden Emergency—Care to be Exercised—Question for Jury.*—While a person confronted with a sudden emergency or peril is not required to adopt the wisest course, nor to exercise the same degree of care which a reasonably careful man would be required to exercise under ordinary circumstances, he must exercise such care as a man of ordinary prudence would be expected to exercise in a like situation, and whether he exercised such care is for the jury's determination.

13. NEGLIGENCE—*Last Clear Chance—Statement of the Doctrine.*—The doctrine of last clear chance has no application to the defendant except where the plaintiff is guilty of negligence; but such negligence, even though it continued up to the moment of the injury, does not relieve the defendant of liability if he knew or ought to have known the peril in which the plaintiff had negligently placed himself and had a clear chance, notwithstanding such negligence, to save him from injury. His failure to avail himself of such last clear chance is negligence which becomes the proximate cause of the plaintiff's injury.

14. AUTOMOBILES—*Collision Between Automobile and Bicycle at Street Crossing—Sudden Emergency—"Best Judgment"—Case at Bar.*—In the instant case the defendant was an experienced automobile driver. He was driving at the time of the accident not exceeding seventeen miles an hour with his foot on the brake. When he came to the intersection of the street upon which he was driving with another,

he saw two boys on a bicycle coming down the intersecting street at a terrific rate of speed and realized that the bicycle was beyond their control and that a collision was imminent.   Instead of stopping, he increased his speed in an effort to cross the street before the bicycle reached the intersection.   He saw his mistake and turned his car to the left but the bicycle struck his car on the center of the side door.   He testified that he used "his best" judgment in the emergency.

*Held:*   That it cannot be said that, as a matter of law, defendant used in the emergency the same care and prudence which a man of ordinary care would be expected to use under like circumstances, and the finding of the jury that he did not could not be disturbed.

Error to a judgment of the Corporation Court of the city of Lynchburg, in a proceeding by motion for a judgment for damages.   Judgment for plaintiff. Defendants assign error.

*Affirmed.*

The opinion states the case.

*Fred Harper*, for the plaintiffs in error.

*Royston Jester, Jr.*, and *John L. Lee*, for the defendant in error.

WEST, J., delivered the opinion of the court.

Lloyd Tayman recovered a judgment for $6,500 against F. E. McGowan and F. C. McGowan for personal injuries resulting from a collision between his bicycle and an automobile driven by F. C. McGowan. This writ of error is to that judgment.

Harrison street, in the city of Lynchburg, Virginia, is one of the principal thoroughfares of the city.   Seventh street crosses Harrison practically at right angles. Seventh street descends at a steep grade from Federal street to Harrison, and ascends a considerable grade from Harrison to Madison street.   On January 15,

1924, Lloyd Tayman, the plaintiff, a boy about twelve years of age, was riding his bicycle down Seventh street, towards Harrison street, with Thomas Callahan, a boy nine years old, seated in front of him on the cross-bar of the bicycle. When Tayman started down Seventh street from Federal, he operated the pedals until his bicycle was running at a high rate of speed, and then coasted down grade, without brakes, so as to make the grade from Harrison to Madison.

When Tayman was coasting down Seventh street, F. C. McGowan, one of the defendants, was driving his father's high powered Packard car along Harrison street towards Seventh. Harrison street from Sixth to Eighth street is slightly down grade. According to the testimony of the defendant, F. C. McGowan, the machinery of his car was in perfect order and he was "drifting" down Harrison street with his car in gear, at from fifteen to seventeen miles an hour, and was applying the brakes from time to time so as to keep his car under control. When he reached a point within thirty or thirty-five feet of the intersection of the center line of Seventh and Harrison streets, he looked to the right and saw the boys on the bicycle about fifty-five feet up Seventh street coming down the center of Seventh street at a terrific rate of speed. He put on gas in an effort to pass Seventh street ahead of the bicycle, but afterwards applied his brakes and turned his car to the left in an effort to avoid a collision. The bicycle struck the side door about the middle of the car, doing considerable damage to the automobile and the bicycle and permanently injuring young Tayman.

The assignments of error relate to the action of the court in admitting certain evidence, in giving and refusing instructions and in refusing to set aside the verdict of the jury and grant a new trial.

[1] During the trial the plaintiff was allowed to put in evidence two photographs for the purpose of showing a bicycle in Seventh street above Harrison and introduced the photographer to explain that the photographs were taken from certain positions in Harrison street. It is contended that this was error.

It appears from the record that the court directed the jury to disregard the bicycle shown in the photographs and to regard the photographs only as views of the location of the accident. Besides, after all of the evidence had been introduced by both parties, the court, on motion of the defendant, permitted the jury to view the scene of the accident. Under these circumstances, this assignment is without merit.

In *Lambert* v. *Jenkins*, 112 Va. 383, 71 S. E. 718, Ann. Cas. 1918B, 778, the court, speaking through Judge Cardwell, said: "Nor did the court err in permitting the introduction of photographs of the floor in question, especially in view of the fact that the jury viewed the premises, and, therefore, could not possibly have been influenced to the prejudice of the plaintiff in error by the photographs."

[2] At the conclusion of the introduction of the evidence, the plaintiff asked for four and the defendant offered seven instructions. The trial court took the view, and we think correctly, that the plaintiff was guilty of negligence and could not recover, except under the doctrine of the last clear chance, and refused to give either of the eleven instructions so tendered by the parties and gave four other instructions. No. 1 on motion of the defendants, No. 5 at the request of the plaintiff, and Nos. 2 to 4, inclusive, of its own motion, as follows:

[3] No. 1. (Given upon request of the defendants.) "The court instructs the jury that negligence on the

part of the defendant cannot be assumed merely because in a collision with the defendant's automobile the plaintiff was injured; but the burden rests upon the plaintiff to establish negligence on the part of the defendant by a preponderance of evidence; and if the plaintiff fails to do this the jury must find for the defendant."

[4, 5] No. 2. (Given by the court of its own motion.) "The court instructs the jury that the right of way ordinance of the city that requires the driver of a vehicle to give the right of way to the driver of another vehicle approaching from the right at street intersections is designed to prevent the stoppage of traffic, otherwise the vehicles have equal rights in the use of the streets, and the right of the driver coming from the left only yields to the driver coming from the right when necessity arises. Therefore, if the jury believe from the evidence that the plaintiff, under fourteen years of age, was coasting upon a bicycle down Seventh street grade with intent to cross Harrison street and run up the grade on the other side of Harrison street, and that his bicycle was traveling at such speed that the defendant could not in the exercise of reasonable care have stopped his car so as to prevent the coasting bicycle from running into his automobile and thus injuring the plaintiff, then he was not guilty of negligence."

[6] No. 3. (Given by the court of its own motion.) "The court instructs the jury that notwithstanding they may believe from the evidence that the plaintiff's bicycle was coming down Seventh street grade very rapidly and not under control, but that the defendant discovered his peril in time, by the exercise of reasonable care, to have stopped his car and thus avoided the accident, and that he failed to exercise such care, then

he was guilty of negligence, unless they believe he acted in a sudden emergency as defined in instruction No. 4."

[7] No. 4. (Given by the court of its own motion.) "The court instructs the jury if they believe from the evidence that when defendant driving his automobile down Harrison street approaching the intersection of Harrison and Seventh streets he discovered the bicycle of the plaintiff moving rapidly down Seventh street not under control and that a sudden emergency was then presented to him of either going forward or stopping his car to avoid imminent collision, and that he undertook to speed up his car and thus avoid the danger, and that his action was such that a person of ordinary prudence might have done under a like situation, but that he failed to thus avoid the collision, he would not be guilty of negligence because another course might have been more judicious."

[8] No. 5. (Given by the court upon request of the plaintiff.) "The court instructs the jury that if they find for the plaintiff they may, in estimating the damages, take into consideration the bodily injury, disability and disfigurement sustained by him, if any, and the permanent or temporary character thereof, and the pain and mental anguish caused by said injuries, if any, and fix the amount of damages at such sum as will be a just, reasonable, and proper compensation therefor, provided, however, such damages shall not exceed the amount sued for, to-wit, $25,000.00."

[9, 10] We find no error in these instructions, inasmuch as they, in effect, told the jury that they could not find a verdict against the defendant unless they believed him guilty of negligence after having discovered that the plaintiff was in imminent peril.

There was no error in refusing the instructions offered by the defendants, since the instructions given by the court sufficiently instructed the jury as to the law applicable to the facts of the case.

[11] All objections to the instructions given, which merit any consideration, may be disposed of by answering the question: Where a person, without fault on his part, is placed in sudden peril or sudden emergency, is he required to exercise only "his own best judgment," or must he in the exercise of such judgment use such ordinary care as a person of ordinary care and prudence would be expected to exercise if confronted with the same sudden emergency or peril?

The plaintiff in error contends that his "own best judgment" is the only test, while defendant in error maintains that the party must also exercise ordinary care.

[12] While a person confronted with a sudden emergency or peril is not required to adopt the wisest course, or to exercise the same degree of care which a reasonably careful man would be required to exercise *under ordinary circumstances*, it is settled law that he must exercise such care as a man of ordinary prudence would be expected to exercise *in a like situation.*

In Shearman & Redfield on Negligence (6th ed.), Vol. 1, section eighty-seven, page 215, the law is stated thus: "Care must be proportioned to the circumstances. In either case, the plaintiff is bound to take that degree of care which persons of ordinary care and prudence are generally accustomed to use under similar circumstances, but no more. It is not enough that he should use 'his own best judgment.' That is not the proper test. Nor, on the other hand, is it always necessary 'to exercise the best judgment or to use the wisest precaution.' "

The same author (5th ed.), Vol 1, section eighty-nine, page 132, also says: "If one is placed by the negligence of another in such a position that he is compelled to choose instantly, in the face of grave and apparent peril, between two hazards, *and he makes such a choice as a person of ordinary prudence placed in such position might make*, the fact that, if he had chosen the other hazard, he would have escaped injury, is of no importance." (Italics ours.)

Ruling Case Law, discussing sudden peril or emergency, Vol. 20, section 111, says: "Of course, the presence of sudden peril will not excuse all errors of judgment and all omissions to act; such diligence must be exercised as the circumstances permit, *the standard of care being that of a person of ordinary prudence when* confronted with the same situation. There is no rule of law which prescribes any particular act to be done or omitted by a person who finds himself in a place of danger. In the variety of circumstances which constantly arise, it is impossible to announce such a rule. The only requirement of law is *that the conduct of the person involved shall be consistent with what a man of ordinary prudence would do under like circumstances.* And whether the plaintiff exercised such care is for the jury's determination." (Italics ours.)

In A. L. R., Vol. 27, p. 1197, in a note, is found the following: "The well settled rule, stated in the earlier annotation, that an automobile driver, who by the negligence of another, and not by his own negligence, is suddenly confronted by an emergency and is compelled to act instantly to avoid a collision or injury, is not guilty of negligence if he makes such a choice as a person of ordinary prudence placed in such a position might make, even though he did not make the wisest choice   *   *  ."

In *Lee* v. *Donnelly*, 95 Vt. 121, 113 Atl. 542, the court uses the following language: "He had to act instantly, and if he acted, in the light of all the surrounding circumstances, as a careful and prudent man would reasonably act under like circumstances, he did all the law required of him."

In *Warth* v. *Jackson County Court*, 71 W. Va. 184, 76 S. E. 420, the court says: "If, by the negligence of another, a person is placed in a perilous position and is compelled instantly to choose between two hazards, and makes such choice as an ordinarily prudent person would make if placed in a similar situation, he will not be guilty of negligence, if he happens to choose a means of escape which results in his injury."

In Huddy on Automobiles (7th ed.), section 347, p. 336, the law is stated thus: "One who is suddenly placed in a position of danger, while not required to exercise the same amount of care as one who has ample opportunity for the full exercise of his judgment and reasoning faculties, is nevertheless required to exercise the same degree of care, that is, reasonable care under the circumstances. Whether under circumstances of emergency the conduct of the operator of the vehicle measures up to the standard of reasonable care, is generally a question for the jury. If a bug or leaf or some similar object flies into the face of the driver, it is a question for the jury whether an emergency has arisen which justifies a loss of control of the machine."

When tested by the foregoing authorities, we find no error in the instructions granted.

The case of *Chapman's Admr.* v. *Hines*, 134 Va. 274, 115 S. E. 373; *N. & W. Ry. Co.* v. *Sink*, 118 Va. 439, 87 S. E. 740; and *South West Inc. Co.* v. *Smith's Admr.*, 85 Va. 306, 7 S. E. 365, 17 Am. St. Rep. 59,

relied on by the plaintiff in error, do not sustain his contention, since each of them recognizes the doctrine that the party placed in sudden peril must exercise the same care an ordinarily prudent man would exercise, *under like circumstances.*

[13] The doctrine of last clear chance has no application to the defendant except where the plaintiff is guilty of negligence; but such negligence, even though it continued up to the moment of the injury, does not relieve the defendant of liability if he knew or ought to have known the peril in which the plaintiff had negligently placed himself and had a clear chance, notwithstanding such negligence, to save him from injury. His failure to avail himself of such last clear chance is negligence which becomes the proximate cause of the plaintiff's injury. Shearman & Red. on Neg. (5th ed.), section ninety-nine; *Wilson's Admr.* v. *Portland Ry.*, 122 Va. 160, 94 S. E. 347; *Va. Ry. & Power Co.* v. *Cherry*, 129 Va. 262, 105 S. E. 657; *Va. Ry. & Power Co.* v. *Smith*, 129 Va. 269, 105 S. E. 532.

In *Va. Ry. & Power Co.* v. *Smith, supra,* Kelly, P., speaking for the court, said: "In such a case, if the discovery of the inevitable was made, or ought to have been made, before it was too late for him to slow down or stop, he would have the last clear chance to avoid the injury, and the street car owner would be liable, regardless of the fact that the negligent conduct of the driver of the vehicle precipitated the situation and continued up to the moment of the impact."

[14] We come now to the last assignment of error, which involves the action of the court in refusing to set aside the verdict of the jury.

According to his own testimony the defendant, F. C. McGowan, had been driving an automobile for ten years. His car was in perfect condition and his tires

were non-skid tires. He was going at not to exceed seventeen miles per hour, with his foot on the brake, and could stop his car in from twenty to twenty-five feet. When he was thirty or thirty-five feet from the center of the intersection of Seventh and Harrison streets, he saw the boys about forty feet up Seventh street, coming at a terrific rate of speed and realized the bicycle was beyond their control, and that a collision was imminent. Instead of stopping or reducing the speed of his car, he increased his speed in an effort to cross Seventh street before the bicycle reached the center of Harrison street. He saw his mistake and turned his car to the left, but the bicyle struck his car on the center of the side door. He says he used his "best judgment" in an emergency. In exercising his best judgment he was required to use the same care and prudence which a man of ordinary care would be expected to use under like circumstances. Did he do this? We cannot say as a matter of law that he did. The jury have said that he did not, and the evidence is sufficient to support their verdict. He had the last clear chance to save the boys, but did not avail himself of it by giving them the right of way, as a man of ordinary care would probably have done in like circumstances.

The judgment will be affirmed.

*Affirmed.*